# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDWARD D. BONNEYE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-18-1066-BMJ |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Edward D. Bonneye, seeks judicial review of the Social Security Administration's (SSA) denial of his application for supplemental security income (SSI). The parties have consented to the exercise of jurisdiction over this matter by a United States Magistrate Judge. *See* 28 U.S.C. § 636(c). The Commissioner has filed the Administrative Record (AR), [Doc. No. 13], and both parties have briefed their positions.[1] For the reasons stated below, the Court reverses the Commissioner's decision and remands the matter for further proceedings.

## I.  Procedural Background

On March 16, 2018, an Administrative Law Judge (ALJ) issued an unfavorable decision finding Plaintiff is not disabled and, therefore, not entitled to SSI. AR 17-29. The Appeals Council denied Plaintiff's request for review. *Id.* at 1-8. Accordingly, the ALJ's decision constitutes the Commissioner's final decision. *See Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011). Plaintiff timely commenced this action for judicial review.

---

[1] Citations to the parties' briefs reference the Court's CM/ECF pagination.

## II. The ALJ's Decision

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009) (explaining process); *see also* 20 C.F.R. § 416.920. Following this process, the ALJ first determined that Plaintiff has not engaged in substantial gainful activity since April 26, 2016, his application date. AR 19.

At step two, the ALJ determined that Plaintiff suffers from severe obesity, diabetes with peripheral neuropathy, and left knee degenerative change, but, at step three, his impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1. *Id.* at 19-20.

The ALJ next determined Plaintiff's residual functional capacity (RFC), concluding that he can perform sedentary work with exertional limitations. *Id.* at 22. Then, at steps four and five respectively, the ALJ determined Plaintiff cannot perform his past relevant work but can perform work existing in significant numbers in the national economy. *Id.* at 27-29. Therefore, the ALJ concluded that Plaintiff is not disabled for purposes of the Social Security Act. *Id.* at 29.

## III. Claim Presented for Judicial Review

Although presented as two separate claims, Plaintiff's overriding argument is that the ALJ erred in failing to incorporate any reaching limitations into the RFC. *See* Pl.'s Br. at 1-11. Specifically, Plaintiff alleges the ALJ ignored the reaching limitations supported by the consultative examiner's finding that Plaintiff has "decreased right shoulder abduction of 90 degrees when 150 degrees is considered within normal limits" and "right shoulder forward elevation was decreased to 90 degrees instead of 150 degrees." *Id.* at 7.

While mindful of the Commissioner's arguments, which the Court finds are substantially justified, the Court ultimately agrees with Plaintiff.

## IV. Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009); *see also Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (holding that the court only reviews an ALJ's decision "to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied" and in that review, "we neither reweigh the evidence nor substitute our judgment for that of the agency" (citations and internal quotation marks omitted)).

## V. Analysis

In relevant part, Plaintiff sought SSI based on a back impairment, AR 36, 196, and alleged he can "rarely" reach and has to have help dressing because he cannot lift his arms up and into a shirt. *Id.* at 221, 225. The ALJ acknowledged these allegations. *See id.* at 23.

On July 1, 2016, Dr. Brad Liston, D.O., examined Plaintiff at the SSA's request and diagnosed chronic joint and lumbar pain. *See id.* at 342-43. On examination, Dr. Liston noted that Plaintiff demonstrated 90 degrees abduction in the right shoulder (out of a normal 150 degrees range), 90 degrees forward elevation in the right shoulder (out of a normal 150 degrees range), 70 degrees right internal rotation (out of a normal 80 degrees), and 70 degrees right external rotation (out of a normal 90 degrees). *Id.* at 346.

Although he did not quote the actual ranges of motion, the ALJ discussed Dr. Liston's findings and acknowledged that the consultative examiner had noted "a reduced range of motion in extension and flexion of his back, right shoulder in supination, right shoulder forward elevation,

right shoulder adduction, right shoulder internal rotation, and right shoulder external rotation." *Id.* at 25. Then, in crafting Plaintiff's RFC, the ALJ stated: "[T]he undersigned has limited [Plaintiff] to lifting and carrying up to 10 pounds frequently and 20 pounds occasionally due to the limited range of motion in his right shoulder." *Id.* at 26. According to Plaintiff, the flaw lies in the ALJ's failure to discuss any reaching limitations associated with Plaintiff's inability to raise his arm past shoulder level. The Court agrees.

Dr. Liston's findings clearly indicate Plaintiff cannot raise his right arm above 90 degrees, or shoulder level, and this evidence suggests that Plaintiff is incapable of reaching, at least overhead. *See Aday v. Colvin*, No. CIV-13-431-R, 2014 WL 2766080, at *2 (W.D. Okla. June 18, 2014) (unpublished district court order) ("Common sense dictates that limited range of motion in the arm and shoulder would result, as Plaintiff contends, in limitations in the ability to reach and extend her arm."); *Grogan v. Colvin*, No. 3:15CV67 HTW-LRA, 2016 WL 4572240, at *5 (S.D. Miss. July 18, 2016) (unpublished report and recommendation) ("90 degrees abduction[] . . . is generally consistent with the ability to reach in all directions except overhead" (citation omitted)), *adopted*, 2016 WL 4572220 (S.D. Miss. Aug. 31, 2016) (unpublished district court order); *Hosey v. Astrue*, No. 1:11CV207, 2012 WL 7827840, at *26 (N.D.W. Va. Aug. 31, 2012) (unpublished report and recommendation) ("Dr. Snead found [plaintiff] had only 90 degrees of abduction on both the right and the left, meaning she could not raise either arm to the sides above shoulder height"), *adopted*, 2013 WL 136912 (N.D.W. Va. Mar. 29, 2013). The ALJ either overlooked this evidence or he rejected it. Assuming the latter, he should have explained why he believed the evidence did not support a reaching limitation in the RFC. *See Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (holding an ALJ must identify the evidence supporting the decision and discuss any probative and contradictory evidence that the ALJ is rejecting); *see also Harris v.*

*Colvin*, CIV-12-856-F, 2013 WL 4048990, at *3 (W.D. Okla. Aug. 9, 2013) (unpublished district court order) (reversing because the ALJ "should have explained why she implicitly rejected the limited range of motion in Plaintiff's left shoulder [as it related to potential reaching limitations] when assessing the RFC."); *Mitchell v. Colvin*, No. C14-1189-JLR, 2015 WL 500183, at *2 (W.D. Wash. Feb. 2, 2015) (unpublished district court order) (reversing on grounds that the ALJ failed to discuss the physician's findings that plaintiff had only 90 degrees abduction in her shoulder and its effect on her "over-the shoulder reaching").

As the Commissioner argues, this Court has not always reversed when an ALJ fails to discuss reaching limitations despite evidence of a decreased range of motion. *See* Def.'s Br. at 5-6 (*citing Romas v. Colvin*, No. CIV-13-1176-M, 2015 WL 1412579 (W.D. Okla. Marc. 26, 2015) (unpublished district court order)). Here, however, the ALJ's failure to discuss any reaching limitations is particularly harmful. First, and distinguishable from *Romas*, the ALJ found Plaintiff capable of only sedentary work. AR 22; *see also Romas*, 2015 WL 1412579 at *2 (noting plaintiff's RFC for "light" work). Sedentary work already "'represents a significantly restricted range of work.'" *Saiz v. Barnhart*, 392 F.3d 397, 400 (10th Cir. 2004) (citation omitted). And, reaching is "required in almost all jobs," so "significant limitations on reaching . . . may eliminate a large number of occupations . . . ." SSR 85-15, 1985 WL 56857 at *7. Consequently, it is particularly incumbent upon an ALJ to address potential reaching limitations where the claimant can only perform sedentary work. *See Saiz*, 392 F.3d at 400.

Second, the jobs the ALJ found Plaintiff could perform at step five all require either constant, or frequent, reaching. *See* DOT 726.687-046 (electronics assembly worker), DOT 209.567-014 (food and beverage order clerk), and DOC 249.587-018 (document preparer). Plaintiff may be able to perform the type of reaching contemplated in these jobs, but the Court

cannot know because the vocational expert (VE) was not asked about reaching requirements. Accordingly, the Court cannot confidently find that substantial evidence supports the ALJ's decision. *See Harris*, 2013 WL 4048990, at *3 (finding the ALJ's failure to discuss reaching limitations particularly harmful where the jobs the VE testified plaintiff could perform required frequent reaching); *Hosey*, 2012 WL 7827840, at *26 (reversing where the ALJ failed to discuss over-the-head reaching limitations, based on a 90 degrees of abduction range of motion, in part because the VE was not asked about reaching restrictions in the hypothetical question).

**VI. Conclusion**

In sum, the Court finds that the ALJ committed reversible error in not specifically discussing Dr. Liston's finding that Plaintiff cannot extend his right arm past his shoulder, and its effect, if any, on his ability to reach (particularly overhead). Accordingly, the Commissioner's decision is REVERSED and REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

ENTERED this 29th day of April, 2019.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE